Timothy E. Miller, OSB No. 820910
Stuart W. Smith, OSB No. 044209
Miller & Associates
5005 SW Meadows Rd., Suite 405
Lake Oswego, OR 97035
Telephone: (503) 598-1966
Facsimile: (503) 598-9593

Attorneys for Defendant
Frontier Airlines, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RILEY POOR,**  Plaintiff,  v.  **FRONTIER AIRLINES, INC**.  Defendant. | Case No. 3:13-cv-00107-SI  FRONTIER AIRLINES, INC'S ANSWER AND AFFIRMATIVE DEFENSES  (DEMAND FOR JURY TRIAL) |

Defendant Frontier Airlines, Inc. ("Frontier") responds to Plaintiff's Complaint as follows:

### FIRST CLAIM FOR RELIEF

### NEGLIGENCE

1.

Frontier admits that it is an Indiana corporation authorized to do business in the state of Oregon. Frontier further admits that it operates as a commercial airline and provides service

Page **1** of **7** – FRONTIER AIRLINES, INC'S ANSWER AND AFFIRMATIVE DEFENSES

from Denver, Colorado to the Portland International Airport. Frontier also admits that at the time of the subject incident, it conducted business in the City of Portland, Multnomah County. Frontier denies the remaining allegations in Paragraph 1 of the Complaint.

2.

Frontier admits that Plaintiff was a passenger on Frontier flight 797 from Denver, Colorado to Portland, Oregon on November 27, 2010. Frontier is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 that Plaintiff is a wheelchair bound tetraplegic with limited use of his arms, and, therefore, denies same on information and belief. Frontier also is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 that Plaintiff waited for Frontier's employees to move him from his seat to an aisle chair and then to his waiting wheelchair and, therefore, denies same on information and belief. Frontier denies the remaining allegations of Paragraph 2 of the Complaint.

3.

Frontier denies the allegations in Paragraph 3 of the Complaint.

4.

Frontier denies the allegations in Paragraph 4 of the Complaint.

5.

Frontier denies the allegations in Paragraph 5 of the Complaint.

## SECOND CLAIM FOR RELIEF

## PREMISES LIABILITY

6.

Frontier hereby restates and incorporates by reference its answers to Paragraphs 1-5 above as though fully set forth herein.

7.

Frontier admits the allegations in Paragraph 7 of the Complaint.

8.

Frontier admits the allegations in Paragraph 8 of the Complaint.

9.

Frontier denies the allegations in Paragraph 9 of the Complaint.

10.

Frontier denies the allegations in Paragraph 10 of the Complaint.

WHEREFORE, FRONTIER AIRLINES, INC. prays that Plaintiff takes nothing by way of the Complaint and that judgment on all counts be entered in favor of FRONTIER and against Plaintiff; and FRONTIER requests attorney's fees and its costs in defending this action and such further relief as may be just and reasonable.

**AFFIRMATIVE DEFENSES**

By way of further answer and affirmative defenses to the Complaint, Frontier asserts the following affirmative defenses. To the extent that any matter designated below as an affirmative defense should be treated as a denial, counterclaim, or crossclaim, Frontier respectfully requests that the Court exercise its authority and treat the pleading as if a proper designation has been made. Frontier has not conducted a complete inquiry into the facts underlying this lawsuit, but based upon knowledge, information, and belief, interpose the following affirmative defenses. Upon request and having completed discovery in this case, Frontier will voluntarily withdraw those defenses that are unsupported by the facts revealed in pretrial discovery and investigation. Frontier alleges as follows:

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

(Comparative Fault/Negligence)

11.

Plaintiff's injuries were caused in whole or in part by Plaintiff's own fault/negligence.

**SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault/Negligence of Others)

12.

Plaintiff's injuries were caused in whole or in part by the fault and/or negligence of others over whom Frontier had no control or responsibility, and such fault of others was either the sole and exclusive cause of Plaintiff's damages, or had such a predominant effect that any fault of Frontier was not a substantial factor in causing the loss.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

13.

Plaintiff fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to mitigate damages)

14.

Plaintiff is barred from recovering some or all of the damages alleged in his Complaint by virtue of his failure to take reasonable, necessary, appropriate, and feasible steps to mitigate his damages.

/ / /

/ / /

/ / /

### FIFTH AFFIRMATIVE DEFENSE

(Federal Preemption)

15.

Plaintiff's claims are preempted in whole or in part by federal law.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary and Indispensable Parties)

16.

Plaintiff's Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

(Set-Off)

17.

An award or judgment rendered in favor of Plaintiff must be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of the personal injury.

### RESERVATION OF FURTHER DEFENSES

Frontier reserves its rights to assert any and all additional defenses as may be revealed by further investigation and discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, FRONTIER AIRLINES, INC. prays that Plaintiff's Complaint be dismissed in its entirety and that Plaintiff takes nothing therefrom. FRONTIER further prays that it be awarded such other relief of Court deems just and equitable. Pursuant to Fed. R. Civ. P. 38 and LR 38-1, FRONTIER makes a DEMAND FOR JURY TRIAL.

DATED this 25th day of January 2013.

                                        MILLER & ASSOCIATES

                                        By /s Stuart W. Smith
                                        Stuart W. Smith, OSB #044209
                                        stuartsmith@millerandassociatesavn.com
                                        Trial Attorney: Timothy E. Miller, OSB #820910
                                        timmiller@millerandassociatesavn.com
                                        Attorneys for Defendant Frontier Airlines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2013 the foregoing FRONTIER AIRLINES, INC'S ANSWER AND AFFIRMATIVE DEFENSES was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's CM/ECF system.

                              MILLER & ASSOCIATES

                              By <u>s/ Stuart W. Smith</u>
                              Stuart W. Smith, OSB No. 044209
                              Of Attorney for Defendant Frontier Airlines, Inc.