James F. Halley, OSB 91175
JAMES F. HALLEY, P.C.
The Strowbridge Building
735 SW First Ave., 2nd Floor
Portland, OR 97204
503/295-0301; 503/228-6551 (fax)
jimhalley@halleylaw.com

Attorney for Plaintiff Riley Poor

**The Honorable Michael H. Simon**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RILEY POOR,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRONTIER AIR LINES, Inc. ,<br><br>    Defendant. | No. 3:13-cv-00107-SI<br><br>AGREED PROTECTIVE ORDER |

  This matter came before the Court on the Stipulation of the parties for the entry of an Order governing the disclosure and handling of documents that a producing party (either Plaintiff or Defendant) considers trade secrets, proprietary business information, sensitive information or private personal information (hereinafter "confidential information").  Pursuant to Local Rule 7-1(a)(l)(A), the parties have conferred about this matter and agree that a protective order should be entered.  In order to preserve and maintain the confidentiality of certain documents to be produced by the parties in this action, it is hereby stipulated that:

  1. The parties have a mutual interest in the orderly and prompt production of discovery, and each side has discussed with the other their respective concerns about the propriety of designating confidential information.  Having weighed the issues related

PAGE 1 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave , 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

to having the Court decide the propriety of a confidential designation, the following compromise has been reached and is set forth below.

2.  Documents to be produced by either party in this litigation that contain confidential information shall hereafter be referred to as "Protected Documents."  When used in this Order, the word "documents" means all written material, videotapes, and all other tangible items, whether produced as hard copy, computer diskette, CDROM, or otherwise.  The producing party will visibly mark all Protected Documents "Subject to Protective Order" or "Confidential."  Material designated by the producing party as Protected Documents shall be given confidential treatment as described below.

3.  The producing party has the burden of proving that a Protected Document contains confidential information should any party seek to disclose the document or its contents outside the parameters of this Order.  Prior to designating any material as protected, the producing party will make a good faith determination that the material is, in fact, confidential.  If any party to this litigation disagrees with the "Subject to Protective Order" or "Confidential" designation of any document, the party shall notify the producing party in writing, which then will timely apply to this Court to set a hearing for the purpose of establishing that said document contains confidential information. Any document marked as "Subject to Protective Order" or "Confidential" shall continue to be treated as a Protected Document pending determination by the Court as to its confidential or proprietary status.

4.  Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of the producing party or upon order of this Court, the Protected Documents and the information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a) Counsel of record for each party in this lawsuit, including other members of counsels' law firms and any other counsel of record associated to assist in the preparation or trial of this case;

(b) Employees of counsel of record who assist in the preparation or trial of

PAGE 2 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave , 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

this case;

      (c) Experts and non-attorney consultants retained by the parties to this litigation for the preparation or trial of this case, provided that disclosure of Protected Documents to such experts and consultants will be in hard copy format only and will not be in any digitized or other computer readable format and provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Defendant;

      (d) Any party to this litigation;

      (e) Any mediator( s) retained by the parties to assist with the potential settlement of this lawsuit; and

      (f) The Court and its staff in accordance with paragraph 6 below.

5. Before receiving access to any of the Protected Documents or the information contained therein, each person described in paragraph 4(c) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as "Exhibit A," to be bound by its terms and to submit to the jurisdiction of this Court.  Counsel for the parties shall retain the signed "Exhibit A" forms and keep a list of all persons who have received Protected Documents for inspection by the Court and, on order of the Court, counsel for the producing party.

6. Recognizing that the disclosure by filing of confidential information may do irreparable harm to the producing party, if documents marked "Subject to Protective Order" or "Confidential" are to be disclosed to the Court and/or the Court's staff as attachments to any motion or declaration, or otherwise, the party seeking to file any such documents must first file a motion to seal in accordance with Local Rule 3-8. The parties further agree to cooperate, as reasonably necessary, to provide the Court the necessary information upon which a determination regarding whether compelling circumstances exist to seal any such document(s).

7. To the extent the Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain

PAGE 3 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave , 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

subject to the provisions of this Protective Order, along with any transcript pages of the deposition testimony dealing with the Protected Documents or information, or any transcript pages which the producing party designates as confidential (with written notification thereof to counsel for the remaining parties) within 20 days of receipt of the deposition transcript.  Any court reporter or transcriber who reports or transcribes testimony in this action shall ensure that all Protected Documents or information designated under this Order remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) shall be retained by the reporter under the terms of this Protective Order or delivered to counsel of record.

8. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, or in any appeal thereof, through the receipt of Protected Documents into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of or during trial.

9. Inadvertent or unintentional production of documents containing information that should have been marked "Subject to Protective Order" or "Confidential" shall not be deemed a waiver in whole or in part of the producing party's claim of protection or confidentiality.

10. No party, nor that party's counsel or experts or any other person retained by the party to assist in the preparation of this action, shall under any circumstances sell or offer to sell, share, advertise, or publicize the contents of Protected Documents or the fact that the party has obtained confidential or proprietary information from the producing party.

11. This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties and approved

PAGE 4 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave , 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

by the Court.  If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

12.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  This Order shall remain binding after the termination of this litigation.

13.     Within 90 days after the conclusion of this litigation (including any appeals), counsel for each receiving party shall return all Protected Documents, transcripts, and copies thereof to the producing party or shall provide to the producing party written certification that such material has been destroyed.  In the event information protected pursuant to this order is placed into any digitized or other computer readable format, counsel for the receiving party shall certify to the removal of such documents from any and all computers and electronic storage devices.

14.     The Court retains jurisdiction over the parties and recipients of the Protected Documents for the enforcement of the provisions of this Order following termination of this litigation.

Date:  May _____, 2013

_____
The Honorable Michael H. Simon
United States District Court Judge

PAGE 5 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave , 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, I served the attached AGREED PROTECTIVE ORDER on:

Brian T. Maye
**ADLER MURPHY & McQUILLEN LLP**
20 S. Clark, Suite 2500
Chicago, Illinois 60603

**Timothy E. Miller**
**Stuart W. Smith**
Miller & Associates
15005 S.W. Meadows Road, Suite 405
Lake Oswego, OR 97035

by ___ having deposited in the United States Mail at Portland, Oregon a full, true and correct copy in a sealed envelope with postage prepaid, addressed as shown above, the last known address for the addressees listed;

by ___ having hand delivered to the attorneys shown above a full, true, and correct copy of the original.

by ✓ electronic filing.

/s James F. Halley
James F. Halley, OSB #91175

The foregoing is a true, correct and complete copy of the original.

_____
James F. Halley, OSB #91175

PAGE 6 – AGREED PROTECTIVE ORDER
:users:jim:documents:poor:protective order (2013-05-23).docx  5/23/13

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg • 735 S W First Ave, 2d Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com